Commonwealth of Pennsylvania, Department of Labor & Industry, Bureau of Employment Security *v.* Johnstown Municipal Symphony Orchtestra, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Earl F. Glock,* with him *Daniel R. Lovette, Edward T. Baker,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Stephen B. Lipson,* Assistant Attorney General, with him *Herbert W. Hoffman,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 28, 1976:

The Johnstown Municipal Symphony Orchestra (Orchestra) appeals from an order of the Bureau of Employment Security (Bureau) denying the Orchestra's petition for reassessment of unemployment compensation contributions originally assessed against the Orchestra by the Bureau. We must reverse.

The pertinent facts here are undisputed. The appellant Orchestra is a non-profit organization which yearly gives eight to ten concert performances in which some fifty to seventy musicians participate. These musicians also gather together for periodic rehearsals (44 during the 1973 season) in preparation for their performances. At the conclusion of every performance each musician receives a check, the amount of which varies from $1 per rehearsal for student apprentices to $6 per rehearsal for certain other members and from $3 per concert for students to $15 per concert for certain other members. The actual amount received by each musician is determined primarly by the length of his Orchestra experience, although some consideration may also be given to travel expenses incurred. The Orchestra did not report these amounts to the Bureau as wages, but the Bureau sent out a notice assessing contributions in the amount of $188 plus interest for the use of the Unemployment Compensation Fund, and the Orchestra then submitted a petition for reassessment, asserting, *inter alia,* that payments made to the musicians were not wages within the meaning of the Unemployment Compensation Law.[1] A hearing was held on October 30, 1973 at which testimony

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P. S. §751 et seq.

was presented before a hearing examiner. His report, based on this testimony and containing findings of fact and conclusions of law, was later made to the Bureau and it forms the basis for the Bureau's order of May 13, 1975 from which the present appeal has been taken.

We have undertaken a careful review of the record in this case and conclude that it can only lead to the conclusion that the musicians performing for the appellant were in no way motivated by financial considerations in rendering their services. The testimony indicates that the sums received by the musicians here would not even cover their costs in maintaining their instruments and paying necessary travel and baby-sitting expenses. On the other hand, it is apparent that these small amounts[2] were viewed by the Orchestra's officers and by its musicians alike as simply a token payment to help the musicians in defraying the considerable expenses incurred by them in donating their time and energies for cultural purposes. We cannot view those amounts, therefore, as "wages" in the sense in which that term is used in the Unemployment Compensation Law. Moreover, we can attach no great significance, as neither could the Bureau, to the fact that the amounts received by the musicians were not necessarily based on their actual expenses. As explained by Mr. George Fattman, a past president of the Orchestra and member of its Board, the Orchestra could not possibly afford to pay its musicians for their actual expenses and so it chose to give them these small sums merely to express its appreciation for their continued loyalty.

We, therefore, issue the following

2. The most that any musician could be paid over a period of a year would be $368, certainly a small amount when considered in relationship to the number of hours each musician would spend in concerts, in organized rehersals and in practicing on his own.

ORDER

AND, NOW, this 28th day of January, 1976, the order of the Department of Labor and Industry, Bureau of Employment Security is hereby reversed and the appellant's petition for reassessment is hereby granted.