529 A.2d 514

In the Interest of J.E.S. and C.S., Minors.

**Appeal of J.S., Jr.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1987.

Filed Aug. 3, 1987.

David C. Raker, Williamsport, for appellant.

Ann S. Pepperman, Williamsport, for J.E.S. and C.S., appellees.

Charles F. Greevy, III, Williamsport, for Children & Youth Services of Lycoming County, appellee.

Before ROWLEY, OLSZEWSKI and CERCONE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order involuntarily terminating the parental rights of appellant to his two children, J.R.S. and C.S. On appeal, appellant argues that there was insufficient evidence to support the court's order and that the court erred by admitting hearsay evidence which was a substantial basis of the court's decision. We affirm.

 Our scope of review of an order involuntarily terminating parental rights is limited to a determination of whether the decree is supported by competant evidence. *In re Adoption of J.J.*, 511 Pa. 590, 515 A.2d 883 (1986). Where the trial court reaches its decision on alternative grounds, one of which is appropriate and supported by the record, we should not reverse even though the alternative ground may not be supported by the record. *In re Cope's Estate*, 351 Pa. 514, 41 A.2d 617 (1945) ("as the other contention of the trustee was adopted as an alternative basis of the court's opinion, this Court need not reverse the

decree if the alternative ground will sustain it." *Id.,* 351 Pa. at 518, 41 A.2d at 619).

In this case, the trial court found that alternative statutory grounds for the involuntary termination existed: 1) the appellant had failed to perform his parental responsibilities for a period of at least six months [23 Pa.C.S. § 2511(a)(1) ]; and 2) his failure to perform parental duties either could not or would not be remedied [23 Pa.C.S. § 2511(a)(2) and (5) ]. The issue raised by appellant concerning the hearsay evidence relates solely to evidence tending to establish the grounds for involuntary termination under 23 Pa.C.S. § 2511(a)(2) and (5). Because we find that the evidence was sufficient to support the trial court's alternative finding that appellant failed to perform his parental responsibilities for a period of at least six months, we find it unnecessary to address the issue concerning inadmissible hearsay evidence.

The facts relevant to the court's determination that appellant failed to perform his parental responsibilities for a period of at least six months are as follows. Several years after Children and Youth Services of Lycoming County became involved with appellant and his family, appellant was incarcerated on a sentence of 3½ to 10 years imprisonment following his conviction for sexual abuse of a stepdaughter not involved in the instant case. At the time of the hearings in this matter, appellant had been in jail for approximately 18 months. During that period he had sent the two children involved herein a total of no more than four letters. He did not send them any cards or gifts, he did not contribute to their support, he did not call them on the telephone, and he contacted Children and Youth Services only once concerning his children shortly after he went into jail. In short, appellant exhibited no real interest in and concern for the welfare of his children. Based on this evidence, the trial court concluded that appellant had failed for a period of at least six months to perform his parental responsibilities and thus the requirements of 23 Pa.C.S. § 2511(a)(1) for involuntary termination of parental rights were satisfied.

Although the law is clear that the failure to support a child due to incarceration is not conclusive of the issue of whether the parent has abandoned the child, *In re Adoption of McCray*, 460 Pa. 210, 331 A.2d 652 (1975), nevertheless, the parent's responsibilities are not tolled during the period of his or her incarceration. *In re Adoption of Sabrina*, 325 Pa.Super. 17, 472 A.2d 624 (1984). The inquiry must focus on whether the parent has utilized the resources available to him or her while in prison to continue a close parental relationship. The parent's right may be forfeited if the parent does not exercise reasonable firmness in declining to yield to obstacles. *Id.*

In *Baby Boy A. v. Catholic Social Services*, 512 Pa. 517, 517 A.2d 1244 (1986), the Supreme Court held that even though the father of a child was illiterate and incarcerated, his failure to show any interest in the life of his child constituted failure to perform parental duties. However, where an incarcerated parent has regularly corresponded with his child and inquired about the child's welfare, the Court has found that the parent has consistently used those resources available to him to take and maintain a place of importance in the child's life. *In re Adoption of M.J.H.*, 348 Pa.Super. 65, 501 A.2d 648 (1985).

In the case before us, although appellant has not totally ignored his children as the incarcerated parent in *Baby Boy A.* did, use of the resources available to him to maintain a place of importance in his children's lives has been minimal. Unlike the parent in *M.J.H.*, appellant has not consistently attempted to maintain contact with his children and he has not used the means available to him to attempt to overcome the obstacles impeding a parent/child relationship. Therefore, we conclude that there is competent evidence to support the trial court's order terminating the parental rights of J.S., Jr. to J.E.S. and C.S.

Order affirmed.

CERCONE, J., filed a dissenting opinion.

CERCONE, Judge, dissenting:

I dissent. So much hearsay testimony pervaded the entire hearing, and was permitted to such an extent as to negate the whole purpose of a fair trial, to-wit, to admit only that evidence that was pertinent, relevant, material and lawful in determining the facts and law applicable to this case. This was not done. As a result, the defendant was deprived of the right to confront witnesses who allegedly had first hand knowledge of the relevant events but was faced, rather, with the burden of refuting hearsay testimony.

In *Commonwealth v. Bracero*, 515 Pa. ——, 528 A.2d 936 (1987) our Supreme Court cites the language from the opinion of the Supreme Court of the United States in *Chambers v. State of Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) regarding the familar and traditional message of hearsay, as follows:

> The hearsay rule, which has long been recognized and respected by virtually every State, is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact. Out-of-court statements are traditionally excluded because they lack the conventional indicia of reliability: they are usually not made under oath or other circumstances that impress the speaker with the solemnity of his statements; the declarant's word is not subject to cross-examination; and he is not available in order that his demeanor and credibility may be assessed by the jury. *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

*Id.*, 515 Pa. at ——, 528 A.2d at 939.

It cannot be determined with any assurance that this kind of hearsay evidence did not carry the case against defendant despite other strong unfavorable evidence. I would grant a new trial.