| | | |
|---|---|---|
| The Municipality of Mt. Lebanon | : | |
| | : | |
| v. | : | |
| | : | |
| Elaine Gillen and Pennsylvania | : | No. 1020 C.D. 2016 |
| Office of Open Records | : | |
| | : | |
| Appeal of: Elaine Gillen | : | |
| | | |
| The Municipality of Mt. Lebanon | : | |
| | : | |
| v. | : | |
| | : | |
| Elaine Gillen and Office of Open | : | No. 1021 C.D. 2016 |
| Records | : | Argued:  November 14, 2016 |
| | : | |
| Appeal of: Elaine Gillen | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE JOSEPH M. COSGROVE, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                           **FILED:  December 9, 2016**

These are consolidated appeals from two decisions of the Court of Common Pleas of Allegheny County (trial court) reversing final determinations of the Office of Open Records (OOR) under the Right-to-Know Law (RTKL)[1] that had ordered the Municipality of Mt. Lebanon (Municipality) to produce emails concerning private citizen participation in a deer control program adopted by the Municipality.  The trial court held that Section 708(b)(13) of the RTKL, 65 P.S. §

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

67.708(b)(13), exempting records that disclose the identity of individuals who make donations to a government agency, applies to individuals who volunteer services or provide temporary use of their property to a government agency without compensation.  For the reasons set forth below, we affirm.

In July 2015, the Municipality awarded a contract to White Buffalo, Inc. to conduct an organized bow hunt on public and private properties within the Municipality in order to curb the community's deer population.  Property owners within the Municipality could permit the hunt to occur on their properties and could offer their services as archers in the hunt.

On July 30, 2015, Elaine Gillen (Requester) submitted a public records request to the Municipality seeking "[a]ll communication to and/or from municipal staff and, all communication to and/or from the commission [the Municipality's governing body] concerning Anthony DeNicola's [the president of White Buffalo, Inc.] archery program from June 18, 2015 to the present."  (2015-1938 OOR Certified Record (OOR C.R.) Item 1, Records Request, Reproduced Record (R.R.) at 6a.)  The Municipality granted Requester's July 2015 request in part, producing 131 pages of documents, but denied production of 10 pages of emails that it contended related to individuals volunteering their services as archers or the use of their property.  (*Id.*, Response to Records Request, R.R. at 7a-8a; Hearing Transcript (H.T.) at 3, 18.)  The Municipality based this denial on both the personal security exception of Section 708(b)(1)(ii) of the RTKL and Section 708(b)(13) of the RTKL, the donor exception.  (2015-1938 OOR C.R. Item 1,

2

Response to Records Request, R.R. at 7a- 8a.)[2] On September 18, 2015, Requester filed an appeal from this denial with OOR.

On November 25, 2015, Requester submitted a second records request to the Municipality seeking the same type of records for a different time period, requesting "[a]ll communication to and/or from municipal staff and, all communication to and/or from the commission concerning Anthony DeNicola's archery program from July 31, 2015 through November 25, 2015." (2016-0023 OOR C.R. Item 1, Records Request, R.R. at 19a.) The Municipality granted Requester's November 2015 request in part, producing at least 63 pages of emails, but denied production of 7 pages of emails that it contended related to individuals volunteering time or use of their property. (H.T. at 11-13, 18.)[3] As with the July 2015 request, the Municipality based this denial on the personal security and donor exceptions of Sections 708(b)(1)(ii) and 708(b)(13) of the RTKL. (2016-0023 OOR C.R. Item 1, Response to Records Request.) On January 6, 2016, Requester timely appealed this denial to OOR.

On November 24, 2015 and February 23, 2016, OOR issued final determinations granting Requester's appeals. In both determinations, OOR

---

[2] The Municipality also stated that it withheld other emails based on attorney-client privilege. (2015-1938 OOR C.R. Item 1, Response to Records Request, R.R. at 8a.) Requester did not challenge the withholding of those documents before OOR and the withholding of those documents is not before this Court.

[3] Although the Municipality's counsel, at the hearing before the trial court, described the documents produced to Requester as 63 pages of emails, the Municipality stated in its response to the request that it produced 271 redacted pages of documents. (2016-0023 OOR C.R. Item 1, Response to Records Request.) The Municipality also stated in its response that it withheld other emails based on attorney-client privilege and on Section 708(b)(27) of the RTKL, concerning communications with insurance carriers. (2016-0023 OOR C.R. Item 1, Response to Records Request.) Requester did not challenge the withholding of those documents before OOR and the withholding of those documents is not before this Court.

rejected the Municipality's claims that the withheld documents were exempt from disclosure under the personal security and donor exceptions of the RTKL and ordered that the Municipality provide the requested emails within 30 days. (2015-1938 OOR C.R. Item 6, R.R. at 12a-18a; 2016-0023 OOR C.R. Item 8, R.R. at 22a-28a.) The Municipality timely appealed these decisions to the trial court, and the trial court reviewed the withheld documents *in camera*. (H.T. at 2.) On April 11, 2016, the trial court held a hearing on both appeals at which the parties argued their positions, but no testimony was offered. The only documents submitted in evidence were the Municipality's petitions appealing the OOR determinations, which included affidavits of its Chief of Police and Manager and documents produced by the Municipality in response to the requests, and photographs of two yard signs in which the property owners indicated support for hunting on their property. (*Id.* at 14-15, 33, 44.) The Manager's affidavit stated under oath that "[n]o property owner or archer is receiving compensation from the Municipality or any other party for participation in this program." (Feller Affidavit ¶19, Ex. I to Petition for Review of 2015 OOR Determination.)

On May 23, 2016, the trial court issued decisions reversing OOR's final determinations. In the appeal from the 2015 OOR determination, the trial court ruled that Requester's OOR appeal of the denial of her records request was insufficient and reversed OOR's order requiring production of the records sought by the July 2015 request on that ground. (2015 Appeal Trial Court Op. at 4-5.) The trial court also addressed the merits and ruled that the personal security exception to the RTKL did not apply to the documents sought by the July 2015 request because the Municipality had not shown a substantial and demonstrable risk of physical harm or harm to the personal security of any individual. (*Id.* at 5-

4

9.) The trial court concluded, however, that the donor exception to the RTKL applied to both those who volunteered to participate in the hunt and those who offered their property for the hunt and held that all of the withheld documents were exempt from disclosure under this exception. (*Id.* at 9-10.) In the appeal of the 2016 OOR determination, the trial court did not find any flaws in Requester's OOR appeal and reversed OOR's determination on the merits. In accordance with its ruling in the 2015 appeal, the trial court found that the Municipality had not shown that the personal security exception applied to any of the documents sought by the November 2015 request. (2016 Appeal Trial Court Op. at 1.) The trial court adopted its opinion in the 2015 appeal with respect to interpretation of the donor exception and held that the donor exception applied to all but one of the withheld emails. (*Id.*)

Requester timely appealed both decisions to this Court and this Court consolidated the two appeals.[4] In these appeals, Requester challenges only the trial court's rulings that the donor exception to the RTKL applies to the documents that she seeks and does not argue that the trial court erred in holding that OOR was procedurally barred from ordering production of the emails sought by the July 2015 request.[5]

---

[4] The Court's review of a decision of a court of common pleas in a RTKL appeal is limited to determining whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence. *Paint Township v. Clark*, 109 A.3d 796, 803 n.5 (Pa. Cmwlth. 2015). The statutory construction of the RTKL is a question of law subject to this Court's plenary, *de novo* review. *Hearst Television, Inc. v. Norris*, 54 A.3d 23, 29 (Pa. 2012).

[5] The Municipality argues that Requester's failure to challenge the ruling that she was procedurally barred requires that the trial court's decision in the 2015 appeal be affirmed, regardless of whether the records are exempt from disclosure. We agree. Appeal of an issue is waived where the appellant fails to include it in the statement of questions involved section of her brief and fails to address the issue in the argument section of the brief. Pa. R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is **(Footnote continued on next page…)**

5

Section 708(b)(13) of the RTKL provides that the following records are exempt from disclosure:

> Records that would disclose the identity of an individual who lawfully makes a donation to an agency unless the donation is intended for or restricted to providing remuneration or personal tangible benefit to a named public official or employee of the agency, including lists of potential donors compiled by an agency to pursue donations, donor profile information or personal identifying information relating to a donor.

65 P.S. § 67.708(b)(13). Requester represented to the trial court that she is seeking disclosure of the identity of the individuals who volunteered as archers and permitted the hunt on their property and advised the court that production of the emails with the identity of those individuals redacted would not satisfy her request. (H.T. at 11.) There is no claim of remuneration or benefit to any public official or employee. The affidavit of the Municipality's Manager establishes that the individuals volunteering their time and property did so gratuitously and not in exchange for any compensation. The issue before this Court is therefore whether

(continued…)

fairly suggested thereby"); *In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015) ("A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue"). Requester did not raise the sufficiency of her first OOR appeal as an issue in her brief and has not asserted any argument that the trial court erred in reversing the 2015 OOR determination on the ground that her OOR appeal was insufficient. Rather, she listed only one question, whether the donation exception applies, and argued in her brief only that trial court erred in holding that the donation exception applied to the records that she requested. Because Requester has waived any claim of error in the trial court's ruling that OOR was procedurally barred from granting her appeal of the partial denial of the July 2015 request, any reversal of the trial court's ruling on the donor exception, which was only an alternative ground for its decision in the 2015 appeal, would not be sufficient to reverse the trial court's decision in that appeal. Contrary to Requester's contention, her 2016 appeal does not make her 2015 appeal moot. While the trial court's procedural ruling and her waiver do not affect the 2016 appeal, the documents that the Municipality would be required to produce are different for the two appeals because the time periods of the requests are different.

6

the volunteering of time or services without compensation and the permitting of temporary government use of property without compensation constitute a "donation" to a government agency under the RTKL.

That is a question of first impression.[6] The RTKL does not define the term "donation." Because it is not defined, the Court must look to the common usage and meaning of the word "donation" in construing Section 708(b)(13). Section 1903(a) of the Statutory Construction Act, 1 Pa. C.S. § 1903(a) (undefined, nontechnical "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage"); *Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025, 1034 (Pa. Cmwlth. 2011); *St. Ignatius Nursing Home v. Department of Public Welfare*, 918 A.2d 838, 845 (Pa. Cmwlth. 2007). "Where a word is not expressly defined in the RTKL, we will construe the word according to its common and approved usage." *A Second Chance, Inc.*, 13 A.3d at 1034. To ascertain the common usage and meaning of a word, the Court may properly consider the dictionary definitions of the word. *A Second Chance, Inc.*, 13 A.3d at 1034; *St. Ignatius Nursing Home*, 918 A.2d at 845.

The dictionary definition of "donation" includes "the action of making a gratuitous gift or free contribution esp. to a charity, humanitarian cause, or public institution or utility" and "a free contribution : GIFT." *Webster's Third New International Dictionary of the English Language - Unabridged* 672 (2002).

---

[6] This Court has addressed record requests that involved Section 708(b)(13) in two cases, *East Stroudsburg University Foundation v. Office of Open Records*, 995 A.2d 496 (Pa. Cmwlth. 2010) (*en banc*), and *Indiana University of Pennsylvania v. Loomis*, 23 A.3d 1126 (Pa. Cmwlth. 2011). In both cases, however, the donations were financial contributions and the Court did not discuss what constitutes a "donation" in either case.

"Donate" is defined as "to make a free gift or grant of : contribute esp. to a charitable cause or toward a public-service institution" and "SUPPLY, LOAN." *Id.* "Gift" is defined, in turn, as "something that is voluntarily transferred by one person to another without compensation" and "a voluntary transfer of real or personal property without any consideration or without a valuable consideration." *Id.* 956. "Contribution" is defined as "something that is contributed : a sum or thing voluntarily contributed," and the definition of "contribute" includes "give money (or other aid) for a specified object." *Id.* 496.

Providing property for use without compensation falls within these definitions. Allowing the Municipality to use property for its deer control program constitutes a supplying or loaning of property to the government agency and a giving of aid to a specific government project. Providing of time and services as archers in the program likewise falls within these definitions because it constitutes a giving of aid to a specific government project. Indeed, our courts have characterized the volunteering of time or services as a donation in other contexts. *See*, *e.g.*, *In re Bruno*, 101 A.3d 635, 661 (Pa. 2014) (referring to Court of Judicial Discipline members as giving a "donation of time and talents"); *Fayette Resources, Inc. v. Fayette County Board of Assessment Appeals*, 107 A.3d 839, 847-49 (Pa. Cmwlth. 2014) ("donation or gratuitous rendering of services" is one of the requirements for an entity to be exempt from taxation as a public charity); *George Clay Steam Fire Engine & Hose Co. v. Pennsylvania Human Relations Commission*, 639 A.2d 893, 895 (Pa. Cmwlth. 1994) (describing certain members of fire company as those who "donate money and services to the company"); *Department of Labor & Industry, Bureau of Employment Security v. Johnstown Municipal Symphony Orchestra*, 350 A.2d 467, 469 (Pa. Cmwlth. 1976) (partial

8

expense reimbursement was not wages where musicians were "donating their time and energies for cultural purposes"). As the trial court held,

> [t]hose who volunteered their archery skills or the use of their property made a contribution because Mt. Lebanon [the Municipality] received something of value. What the volunteers offered had value because they contributed to a program the people's representatives in Mt. Lebanon deemed beneficial to its residents and those who use its roads.

(2015 Appeal Trial Court Op. at 10.) Because the volunteering of property and services are contributions of value to a program that the Municipality had undertaken and are made by the donors without compensation, they are "donations" to the Municipality within the common usage and ordinary meaning of that word.

While the donation of the property here is temporary and not a gift in fee simple and the volunteer archers are donating time and services rather than property, Section 708(b)(13) does not limit its exemption from disclosure to large donations or permanent gifts of money or property. We will not write in restrictions on the type and size of donations to which Section 708(b)(13) applies where the legislature did not see fit to impose such restrictions. It is a fundamental principle of statutory construction that courts must give effect to the legislative intention as expressed by the words of the statute and cannot, under the guise of construction, add requirements or conditions that the General Assembly did not include in the statute's language. *Shafer Electric & Construction v. Mantia*, 96 A.3d 989, 994, 997 (Pa. 2014); *Commonwealth v. Rieck Investment Corp.*, 213 A.2d 277, 282 (Pa. 1965); *Summit School, Inc. v. Department of Education*, 108 A.3d 192, 199 (Pa. Cmwlth. 2015); *see generally* 1 Pa. C.S. § 1921(b). "[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the

9

legislature did not see fit to include." *Shafer Electric & Construction*, 96 A.3d at 994 (quoting *Rieck Investment Corp.*).

Requester argues that Section 708(b)(13) cannot include donations of services and donations of less than a permanent interest in property, even though Section 708(b)(13) contains no express limitations on the types of donations to which it applies, because exemptions under the RTKL must be narrowly construed. We disagree. The exemptions to disclosure in Section 708(b) are to be narrowly construed to further the purpose of the RTKL. *Pennsylvania State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (*en banc*); *Office of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013) (*en banc*). The purpose of the RTKL is "to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Pennsylvania State Education Association v. Commonwealth*, __ A.3d __, __ (Pa., Nos. 11 MAP 2015, 22 MAP 2015, filed October 18, 2016), slip op. at 24, 2016 WL 6087684 at *11; *McGill*, 83 A.3d at 479 (Pa. Cmwlth. 2014); *Scolforo*, 65 A.3d at 1100 (quoting *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa. Cmwlth. 2010) (*en banc*), *aff'd*, 75 A.3d 453 (Pa. 2013)). The donor exception of Section 708(b)(13) protects the identity of individuals acting as private citizens to make contributions to their government, not to the acts, decisions or policies of public officials.

Moreover, interpretation of the RTKL must also take into account the constitutional protection of individuals' rights of privacy under Article 1, Section 1 of the Pennsylvania Constitution. *Pennsylvania State Education Association*, __ A.3d at __, slip op. at 26-30, 2016 WL 6087684 at *12-*13 (constitutional right of privacy requires balancing of public interest in disclosure against privacy interest

10

in personal information in determining whether private, personal information such as home addresses is subject to disclosure under the RTKL). Our Supreme Court has made clear that

> nothing in the RTKL suggests that it was ever intended to be used as a tool to procure personal information about private citizens …. While the goal of the legislature to make more, rather than less, information available to public scrutiny is laudable, the constitutional rights of the citizens of this Commonwealth to be left alone remains a significant countervailing force.

*Id.* at __, slip op. at 29-30, 2016 WL 6087684 at *12. Because the donor exception involves acts of private individuals, rather than government actors, and affects the privacy of private individuals, the rule of narrow construction of exemptions from disclosure under the RTKL does not provide a basis for interpreting "donation" as used in Section 708(b)(13) more narrowly than its common and ordinary meaning.

For the foregoing reasons, we affirm the trial court.


_____
JAMES GARDNER COLINS, Senior Judge

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Municipality of Mt. Lebanon | : | |
| | : | |
| v. | : | |
| | : | |
| Elaine Gillen and Pennsylvania | : | No. 1020 C.D. 2016 |
| Office of Open Records | : | |
| | : | |
| Appeal of: Elaine Gillen | : | |
| | | |
| The Municipality of Mt. Lebanon | : | |
| | : | |
| v. | : | |
| | : | |
| Elaine Gillen and Office of Open | : | No. 1021 C.D. 2016 |
| Records | : | |
| | : | |
| Appeal of: Elaine Gillen | : | |

# O R D E R

AND NOW, this 9th day of December, 2016, the decisions of May 23, 2016 of the Allegheny County Court of Common Pleas in the above-captioned matters are AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge