**In re: TAX CLAIM BUREAU OF LEHIGH COUNTY 2012 JUDICIAL TAX SALE.**

**Appeal of: Seung Hee Lee.**

**In re: Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale.**

**Appeal of: Winston Collado and Rafael Mendez.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2014.
Decided Jan. 8, 2015.

---

Matthew J. Goodrich, Bangor, for appellant Seung Hee Lee.

Robert A. Pinel, Bethlehem, for appellees Winston Collado and Rafael Mendez.

BEFORE: RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

Seung Hee Lee (Lee) appeals from an order of the Court of Common Pleas of Lehigh County (trial court), setting aside the judicial tax sale of a property located at 24 South 8th Street, Allentown, Lehigh County, Pennsylvania (the Property). For the reasons stated below, we affirm.

In 2004, Winston Collado (Collado) purchased the Property and shortly thereafter executed a mortgage to Rafael Mendez (Mendez) in the amount of $120,000. The mortgage was recorded in the Lehigh County Recorder of Deeds Division and was in effect at the time of the judicial tax sale. As recorded on the mortgage, Collado's address was 4 Cobblestone Drive, Easton, Pennsylvania 18045. Mendez's address was recorded as 450–452 Fayette Street, Porth [1] Amboy, New Jersey 08861.

The Lehigh County Tax Bureau (Bureau) sent Collado three notices of tax deficiency, dated March 9, 2011, April 1, 2012, and June 13, 2012. The notices were

---

1. This appears to be a typo in the mortgage document, as the Court believes it should have read "Perth Amboy."

sent via certified mail to Collado's last known address at Cobblestone Drive. All three notices were unclaimed. Because the property taxes remained unpaid, the Property was exposed for upset sale on September 12, 2012. The property failed to sell at the upset price, and on October 12, 2012, the Bureau filed a petition for a rule to sell the Property at a judicial sale. The trial court issued a rule to show cause why the Property should not be exposed to judicial sale, setting a hearing date of December 3, 2012 (Rule).

The sheriff's office, in compliance with Section 611 of the Real Estate Tax Sale Law (RETSL),[2] attempted to serve Collado personally with the Rule at his Cobblestone Drive address. Notations on the order of service indicate that the Cobblestone Drive property was vacant and that a bank had taken over the home. The sheriff's office then attempted to serve Collado at the Property, but noted that service was unsuccessful because Collado lived in New Jersey, according to the Property's occupant. The sheriff's office also posted a copy of the Rule on the Property.

On November 28, 2012, the sheriff's office sent a copy of the Rule to Collado, via certified mail, at 368 Rector Street, Apartment 516, Perth Amboy, New Jersey, 08861—an address at which Collado had been receiving water and sewer bills from the City of Allentown. The copy sent by certified mail was returned as unclaimed on December 13, 2013.

A copy of the Rule was also sent to Mendez via certified mail. It was addressed to "Rafael Mondez" at 450–452 Fayette Street, Perth Amboy, New Jersey, 08861. According to records kept by Diana Scholl, a paralegal in the Lehigh County Law Department, the notice sent to Mendez was returned as undeliverable. Ms. Scholl later testified, however, that she received a notification from the United States Postal Service (USPS) that the copy of the Rule sent to Mendez via certified mail was delivered on November 1, 2012, and signed for by a Mr. Anthony Cruz.[3]

At the hearing on December 3, 2012, with no objection or answer to the Rule on file and no party appearing to contest the sale, the trial court authorized the Bureau to provide notice via publication of the *judicial tax sale* set for December 14, 2012 (not notice of the Rule). Notice of the judicial tax sale was published in the Allentown Morning Call and the Lehigh County Law Journal. The publication notice, however, referenced only Collado in connection with the Property, and not Mendez.

On December 14, 2012, the Property was sold to Lee for $53,587.24. The deed was recorded in the Lehigh County Recorder of Deeds Division on February 1, 2013.

On February 27, 2013, Collado learned the Property had been sold at the judicial tax sale while meeting with a realtor to discuss selling the Property. Collado then called Mendez to inform him of the sale, and Collado also called the Bureau to inform it that he had not known about the sale. Collado and Mendez then filed a petition to set aside the judicial tax sale of the Property.

An evidentiary hearing was held on August 30, 2013, at which both Collado and

2. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.611.

3. The Law Department did not receive the delivery confirmation from USPS until May 7, 2013, after the Bureau requested it following Collado and Mendez's petition to set aside the judicial tax sale.

Mendez testified that they never received notice of the impending judicial sale or copies of the Rule via personal service, certified mail, or first-class mail. In addition to Ms. Scholl, Timothy Reeves, director of the Bureau, testified that Collado called the Bureau on December 18, 2012, and spoke with an employee there. During this conversation, Collado allegedly acknowledged that he knew the Property was subject to sale, but did not know the date of the judicial tax sale, and he was curious about what happened to the mortgage.

Following the hearing, the trial court issued an order and opinion granting Collado and Mendez's petition to set aside the judicial sale. The trial court noted that the case presented "a purely procedural question wherein [Collado and Mendez] challenge the adequacy of notice of [the] Judicial Tax Sale conducted on December 14, 2012." (Trial Ct. Op., dated 12/31/13, at 1.) The trial court concluded that service of the judicial tax sale sent to Collado and Mendez via certified mail was statutorily insufficient because Section 611 of the RETSL requires out-of-state service be made via registered mail. The trial court explained:

> While the Court recognizes that registered mail and certified mail are not drastically different services, the law requires *strict compliance* with the statutory provisions. Many might regard it as a difference without distinction to require service upon an owner or lienholder by certified mail of an upset sale, but service of a judicial tax sale by registered mail. However, that is the way

the statutes are written, and … this Court believes it is compelled to enforce the specific language of [Section 611]. Insofar as the evidence reflects that the [Bureau] did not strictly comply with the mailing requirement, the Court is compelled to grant [Collado and Mendez's] relief and set aside the judicial tax sale.

(Trial Ct. Op., dated 12/31/13, at 11–12 (emphasis in original) (footnote omitted) (citations omitted).)

Thereafter, Lee filed the instant appeal with this Court on January 29, 2014, docketed as 156 C.D. 2014. Collado and Mendez filed a cross-appeal on February 11, 2014, docketed at 210 C.D. 2014. This Court consolidated the cases on April 9, 2014, naming Collado and Mendez as the designated appellees.

 On appeal,[4] Lee argues that the trial court erred as a matter of law in concluding "that there is a distinction between 'certified mail' and 'registered mail' so as to strictly construct the notice requirements for a judicial tax sale." (Lee's Br. at 6.) Lee appears to argue that the trial court erred as a matter of law in requiring strict compliance with Section 611 of the RETSL, because Pennsylvania Rule of Civil Procedure No. 76 includes "certified mail" in the definition of "registered mail," and because our courts have previously allowed for less-than-strict adherence to statutory mandates regarding time and manner when they are not "the essence of the thing required to be done." (Lee's Br. at 15). In response, Collado and Mendez argue that the trial court correctly concluded that service by

---

4. Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *In re Serfass*, 651 A.2d 677, 678 n. 6 (Pa.Cmwlth. 1994). "The trial court, as the finder of fact,

has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented." *Picknick v. Washington Cnty. Tax Claim Bureau*, 936 A.2d 1209, 1212 n. 1 (Pa. Cmwlth.2007).

certified mail did not satisfy Section 611 of the RETSL.[5, 6]

▮▮▮ The forfeiture of property for failure to pay taxes is a "momentous event" under the United States and Pennsylvania Constitutions. *Tracy v. Cnty. of Chester Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334, 1339 (1985). The RETSL was never intended to punish delinquent taxpayers by stripping them of their property; rather, it was intended to ensure the collection of taxes. *Id.* "The collection of taxes, however, may not be implemented so as to strictly construct the notice requirements for a judicial tax sale" (Lee's Br. at 6), as that issue is fairly comprised within the statement of questions presented, facts relating to that issue are found in the statement of the case, and Lee's argument relating to Section 611 of the RETSL is set forth in the summary of argument and argument portions of the brief. Lee, however, attempts to include a myriad of other "issues" on pages 16–21 of her brief by listing approximately 17 different alleged errors within six pages of her brief. These 17 errors cannot be said to have been stated in the statement of questions involved in a manner sufficient to inform the Court of the "issues to be resolved, expressed in terms and circumstances of the case." Pa. R.A.P. 2116. In addition, Lee fails to include any facts or references to the record in the statement of the case portion of her brief relating to the issues set forth on pages 16–21 of her brief. These issues, other than being listed in paragraph form in the argument section of the brief, are not developed in the summary of argument or argument portions of Lee's brief. Under these circumstances, the Court must conclude that Lee waived any issues that she attempted to raise on appeal, with the exception of the issue relating to the use of "certified mail" versus "regular mail" under Section 611 of the RETSL.

5. Collado and Mendez also argue that Lee has waived any arguments or claims by failing to comply with the Pennsylvania Rules of Appellate Procedure. We agree that Lee's brief fails to comply with the Pennsylvania Rules of Appellate Procedure. Rule 2111 of the Pennsylvania Rules of Appellate Procedure requires that an appellant's brief include, among other components, a statement of questions involved, a statement of the case, a summary of argument, and an argument. Pursuant to Rule 2116 of the Pennsylvania Rules of Appellate Procedure, the statement of questions involved "must state concisely the issues to be resolved," and the rule specifically instructs the parties that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Thus, where issues are raised in the statement of questions involved, but not addressed in the argument section of the brief, courts find waiver. *See Harvilla v. Delcamp*, 521 Pa. 21, 555 A.2d 763, 764 n. 1 (1989). Rule 2117(a)(4) of the Pennsylvania Rules of Appellate Procedure requires an appellant to include in her brief a statement of the case, which shall contain "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy." Pursuant to Rule 2118 of the Pennsylvania Rules of Appellate Procedure, the summary of argument "shall be a concise, but accurate, summary of the arguments presented." Furthermore, Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure requires that the argument section of the brief "be divided into as many parts as there are questions to be argued," and shall include "such discussion and citation of authorities as are deemed pertinent." A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue. *See City of Philadelphia v. Berman*, 863 A.2d 156, 161 n. 11 (Pa.Cmwlth.2004).

Here, Lee clearly preserved the issue of whether the trial court erred as a matter of law in concluding "that there is a distinction between 'certified mail' and 'registered mail'

6. Per their cross appeal, Collado and Mendez make two additional arguments. First, they argue that the trial court erred as a matter of law when it concluded that Section 607a(a) of the RETSL, added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a(a), did not apply to judicial tax sales. They contend that because the Bureau failed to take the reasonable steps required by Section 607a(a) to locate Collado and Mendez, the trial court's order setting aside the judicial tax sale should be affirmed. Second, Collado and Mendez argue in the alternative that if the judicial tax sale is not set aside, the trial court's order should have stated that Mendez's mortgage survived the judicial tax sale.

without due process of law that is guaranteed in the Commonwealth and federal constitutions." *Id.* Due process requires, at an absolute minimum, notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In the case of a judicial tax sale, the opportunity to be heard occurs at the rule to show cause hearing. *Montgomery Cnty. Tax Claim Bureau v. Mermelstein Family Trust,* 836 A.2d 1010, 1014 (Pa. Cmwlth.2003) ("The [RETSL] requires that an owner receive service of the rule, not notice of the actual date of judicial sale, because that proceeding is the sole opportunity for interested parties to appear and contest the validity of a judicial sale."); *In re Serfass,* 651 A.2d at 679 (holding that RETSL requires a rule to show cause be served on an owner, but does not require the owner to have notice of the actual date of a judicial tax sale). Thus, our courts have consistently held that strict compliance with the RETSL is required in order to protect a property owner's due process rights. *Smith v. Tax Claim Bureau of Pike Cnty.,* 834 A.2d 1247, 1251 (Pa.Cmwlth.2003).

Under the RETSL, a tax bureau may petition the court for permission to sell at judicial tax sale a property which fails to sell for the required price at an upset sale. Section 610 of the RETSL, *as amended,* 72 P.S. § 5860.610. Upon petition, the court grants a rule, directing the interested parties to appear at a hearing on the return date to show cause as to why the property should not be sold at a judicial tax sale. *Id.* Section 611 of the RETSL provides:

*Service of the rule* shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. *If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule,* a true and attested copy thereof, addressed to such person's last known post office address. *The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof.* This shall constitute sufficient service under this act.

(Emphasis added.) Furthermore, Section 607a(a) of the RETSL, *as amended,* 72 P.S. § 5860.607a(a), requires a tax bureau to take additional reasonable efforts to locate and notify an owner or lienholder under any circumstances "raising a significant doubt as to the actual receipt of such notification" before the sale can take place.[7] Thereafter, "[i]f upon hearing, *the court is satisfied that service of the rule has been made* upon the parties named in the rule, *in the manner provided by this act* ... it shall order and decree that said property be sold...." Section 612 of the

---

**7.** We note that Collado and Mendez argue the trial court erred as a matter of law when it concluded that the provisions of Section 607a(a) of the RETSL, requiring tax bureaus to take reasonable steps to locate an owner or interest holder after an unsuccessful service attempt, do not apply to judicial tax sales.

We agree that the trial court erred on this point. This Court has held that Section 607a(a) does, in fact, apply to judicial tax sales. *In re Monroe Cnty. Tax Claim Bureau,* 91 A.3d 265, 270 (Pa.Cmwlth.2014); *In re Sale No. 10,* 801 A.2d 1280, 1288 (Pa.Cmwlth. 2002).

RETSL, *as amended,* 72 P.S. § 5860.612 (emphasis added).

■ In sum, the RETSL requires a rule to show cause issued under Section 610 of the RETSL to be served upon the owner and lienholder by a sheriff, in person if possible. If the owner or lienholder lives outside of the Commonwealth, the rule must be served on the owner or lienholder by registered mail, *at least fifteen days before the scheduled hearing.* The sheriff must then file with the court the return receipt, indicating whether service was successful. If service was not successful, additional steps under Section 607a(a) must be taken to notify the interested party *of the rule to show cause,* because that is the owner or lienholder's opportunity to be heard. Lastly, the court may order the judicial tax sale, *if and only if, the court is satisfied that service of the rule has been made.* Although the bureau need not engage in extraordinary efforts to notify an owner or lienholder, *In re Tax Claim Bureau of Beaver County Tax Sale September 10, 1990,* 143 Pa.Cmwlth. 659, 600 A.2d 650, 654 (1991), the bureau bears the burden of proving that it took all the reasonably necessary steps to locate and notify the interested parties *of the rule and hearing. McElvenny v. Bucks Cnty. Tax Claim Bureau,* 804 A.2d 719, 721 (Pa. Cmwlth.2002), *appeal denied,* 572 Pa. 768, 819 A.2d 549 (2003); *Mermelstein Family Trust,* 836 A.2d at 1012.

In this case, the Bureau submitted a petition to sell the Property at a judicial tax sale. (R.R. 29–32.) On October 12, 2012, the trial court issued the Rule, setting a hearing date of December 3, 2012. (R.R. 36.) The sheriff's office sent a copy of the Rule to Collado via certified mail on November 28, 2012. (R.R. 53.) Five days later, on the day of the hearing, December 3, 2012, Ms. Scholl executed an affidavit in which she averred that service upon Colla-

do had been attempted by both personal service and certified mail, but that service had been unsuccessful. (R.R. 58–59.) At the hearing, the Bureau asked for permission to provide notice *of the judicial tax sale* via publication, submitted Ms. Scholl's affidavit as part of the petition for publication, and received permission to provide said publication notice. (R.R. 55–66.) On the same day, December 3, 2012, the trial court ordered that the Property be sold at judicial tax sale on December 14, 2012. (R.R. 39.)

■ Two errors are readily apparent from this recitation of the facts. First, the sheriff's office did not mail Collado a copy of the Rule until November 28, 2012, just five days prior to the hearing date. Section 611 of the RETSL requires the copy of the Rule to be served at least fifteen days prior to the date of the hearing set in the Rule. Thus, service of the Rule upon Collado a mere five days prior to the hearing is statutorily deficient. Because strict compliance with the RETSL is required to ensure due process, *Smith,* 834 A.2d at 1251, the Bureau's failure to serve Collado within the mandated timeframe is sufficient, in and of itself, to vacate the judicial tax sale. *See Fernandez v. Tax Claim Bureau of Northampton Cnty.,* 925 A.2d 207, 213 (Pa.Cmwlth.2007) (finding bureau's failure to strictly adhere to statutory requirements, in and of itself, sufficient to set aside judicial tax sale). Second, and more troubling, is the fact that the trial court ordered the Property to be sold at judicial tax sale knowing that service of the Rule upon the owner of the Property had been unsuccessful. The trial court could not possibly have concluded that service had been made in compliance with the RETSL on the basis of the record before it at the December 3, 2012, hearing. First, as discussed above, the mailed notice was sent only five days before the hearing, in

violation of Section 611. Second, it is not possible for the Sheriff to have filed his return of service for Collado, return receipt attached, as required by Section 611 of the RETSL, prior to the hearing on December 3, 2012, because the return was not received until December 13, 2012, ten days after the hearing. Third, Ms. Scholl's affidavit established that, as of the date of the hearing, service of the Rule had not been made upon Collado. Based upon this record, the only conclusion the trial court could have possibly reached at the December 3, 2012 hearing was that service of the Rule had not been made in accordance with the RETSL.[8] Because Section 612 of the RETSL requires that the court be satisfied service has been made in accordance with the statute *before* ordering the sale of the property at the rule to show cause hearing, the trial court erred as a matter of law when it ordered the sale of the Property at the December 3, 2012 hearing.

■ For these reasons, the trial court appropriately set aside the judicial tax sale. The order of the trial court doing so is, therefore, affirmed.[9]

### ORDER

AND NOW, this 8th day of January, 2015, the order of the Court of Common Pleas of Lehigh County is hereby AFFIRMED.

---

**8.** Publication notice of the date of the judicial tax sale cannot cure defective service of the Rule, as the statute requires service of the Rule and not notice of the sale date. *See In re Serfass*, 651 A.2d at 679.

**9.** This Court may affirm the order of the trial court on any basis apparent from the record. *Victoria Gardens Condo. Ass'n v. Kennett Twp. of Chester Cnty.*, 23 A.3d 1098, 1103 n. 10

(Pa.Cmwlth.), *appeal denied*, 611 Pa. 644, 24 A.3d 365 (2011). Because we affirm the trial court's order setting aside the judicial tax sale based on our conclusion that the notice of sale was defective, thereby necessitating that the judicial tax sale be set aside, we need not address the arguments raised by the parties relating to service of the notice of sale.