# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Re: 2016 Judicial Sale of Real-Estate   :
by Cameron County Tax Claim Bureau,  :
Co-Owner John Floyd Carey, Sr.     :   No. 1315 C.D. 2016
                                     :   Submitted: March 31, 2017
                                     :
Appeal of: John Floyd Carey, Sr.     :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: August 16, 2017**

John Carey (Carey) appeals, *pro se*, from an order of the Court of Common Pleas of the 59th Judicial District, Cameron County Branch (trial court), denying his Motion to Recognize Co-owner as Being Confined. For the reasons set forth below, we affirm.

The following facts are not in dispute. On September 18, 2015, the Cameron County Tax Claim Office (Tax Claim Office) subjected Carey's property to an upset tax sale. The Tax Claim Office did not receive any bids for Carey's property. The Tax Claim Office informed Carey that if he did not satisfy his tax delinquency before 4:00 p.m. on January 15, 2016, the Tax Claim Office would list his property at a judicial sale. In a letter to the Tax Claim Office, dated March 12, 2016, Carey wrote that he was never notified of the September 18, 2015 upset tax sale. Carey did not satisfy his tax delinquency, and on July 8, 2016, Carey's property was sold at a judicial sale.

Carey filed a Motion to Proceed In Forma Pauperis, which the trial court granted, and a Motion to Recognize Co-owner as Being Confined, which the trial court denied on the ground that there was "no cognizable claim for relief . . . presented in the context of movant's status as being incarcerated." (C.R., Item No. 9.) In his Motion to Recognize Co-owner as Being Confined, Carey appears to attempt to provide the trial court with documentation to establish that he is confined in a federal correctional institution in Texas. As for his relief, he only asks the trial court to provide a simple answer—yes or no—as to whether he is confined. The Tax Claim Office filed a Petition for Confirmation of Judicial Tax Sale and Placement of Unsold Property Into Repository (Petition), which the trial court granted on July 26, 2016. Thereafter, Carey appealed the order that denied his Motion to Recognize Co-owner as Being Confined, but he did not appeal the order that confirmed the judicial sale.[1]

On appeal, Carey appears to argue that the judicial sale is invalid because he was "confined" and, therefore, "incapacitated" at the time of the judicial sale. Carey also argues that the judicial sale violated his constitutional rights. Finally, Carey appears to argue that he was not given any notice of the delinquent tax (upset) sale and that the notice of the judicial sale failed to specify what property would be subject to a judicial sale.

Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked

---

[1] In his notice of appeal, Carey asserts that the trial court should have concluded that he was "confined" as defined in Pennsylvania Rule of Civil Procedure No. 2051 (Rule 2051), which provides definitions in the context of incapacitated persons as parties. Rule 2051 defines "confined" as "legally committed or voluntarily or involuntarily restrained."

supporting evidence, or clearly erred as a matter of law. *In re Tax Claim Bureau of Lehigh Cnty. 2012 Judicial Tax Sale*, 107 A.3d 853, 856 n.4 (Pa. Cmwlth.), *appeal denied*, 117 A.3d 299 (Pa. 2015). Carey's argument regarding his motion appears to suggest that the trial court erred as a matter of law by holding that the motion had no cognizable claim for relief. We agree with the trial court that this motion did not provide any cognizable claim for relief. We are not aware of any authority, nor does Carey provide any, that supports the argument that confinement of a property owner has any impact on a judicial sale. Moreover, Carey made no such assertion in his motion. Given the lack of any cognizable form of relief, we cannot conclude that the trial court erred as a matter of law.

Carey's remaining arguments pertain to the judicial sale, and Carey did not timely appeal the trial court's July 26, 2016 order that upheld the judicial sale. By not appealing the order that upheld the judicial sale, Carey has waived that issue. As a result, we need not address the constitutional or notice arguments.

Accordingly, we affirm the order of the trial court.

P. KEVIN BROBSON, Judge

3

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Re: 2016 Judicial Sale of Real-Estate : 
by Cameron County Tax Claim Bureau, : 
Co-Owner John Floyd Carey, Sr.     :     No. 1315 C.D. 2016
                                        : 
                                        : 
Appeal of: John Floyd Carey, Sr.     : 

# O R D E R

AND NOW, this 16th day of August, 2017, the order of the Court of Common Pleas of the 59th Judicial District, Cameron County Branch is AFFIRMED.

 

 

_____
P. KEVIN BROBSON, Judge
