IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twila Haynes, : 
          Appellant : 
  :   No. 1297 C.D. 2017
      v. : 
  :   Submitted: May 4, 2018
The City of Philadelphia : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: July 17, 2018

Twila Haynes (Appellant) appeals, *pro se*, from the June 8, 2017 order of the Court of Common Pleas of Philadelphia County (trial court), which denied her appeal of a decision of the City of Philadelphia's Bureau of Administrative Adjudication (BAA). The BAA's written determination dated October 27, 2016, upheld a parking citation issued to Appellant.

**Facts and Procedural History**

The facts of record in this case are sparse. On July 27, 2016, Appellant drove into the City of Philadelphia (City) to attend a visit by then-President Barack Obama. Appellant represents that very few places to park existed, as "[a]ll parking garages were filled" and the City's "police department had [its] vehicles parked in all

meter[ed] spaces." (Appellant's brief at 2.) While in the City, Appellant was issued Parking Violation #734277817 (the Ticket) in the amount of $51.00 for parking in a prohibited location on the south side of the 1800 block of JFK Boulevard in the City. (Original Record (C.R.) at Item No. 1.) The Ticket indicated that parking was prohibited in the location because it was reserved for "registered package delivery companies only" from the hours of 6:00 a.m. through 4:00 p.m. *Id.*

Appellant disputed the validity of the Ticket by filing an internet generated hearing submission form, representing as follows:

> This ticket was issued during the D.N.C. Convention. Too many signs at location of 18th JFK. [D]id not see delivery only on the sign. 2 [hour] parking 8[:00] a[.]m.-4[:00] p[.]m. and 3 [hour] parking 4[:00] p[.]m.-10[:00] p[.]m. I did not notice Sat[urday], Mon[day]-Sat[urday] on the [s]ign. [T]heir [sic] was no where [sic] to park, all the garages was [sic] filled. [I] feel the [Parking Authority] could have been more flexible during the convention. [T]he [Parking Authority] should have given residence [sic] of the City of Phila[delphia] a break instead of issuing a ticket. I would appreciate if you could understand all the confusion that was going on July 27th[,] 2016. I would appreciate it if you would dismiss this ticket. I was unable to upload the pictures[.][1]

(C.R. at Item No. 2.)

On October 27, 2016, the BAA upheld the Ticket and issued a written notice of determination to Appellant. (C.R. at Item No. 4.) Appellant appealed the decision to the trial court. After oral argument held on June 8, 2017, the trial court issued an order affirming the decision of the BAA. (Exhibit to Appellant's brief.)

---

1 The City's Certified Record includes a picture of Appellant's vehicle and the parking signs she described. (C.R. at Item No. 3.)

Appellant appealed to the Superior Court on June 21, 2017. The appeal was properly transferred to this Court on August 16, 2017.

**Discussion**

On appeal,[2] Appellant asserts that the BAA violated her rights under Article I, section 26 of the Pennsylvania Constitution when it upheld the Ticket, arguing that racial discrimination "play[ed] a major factor" in the BAA's decision. (Appellant's brief at 3.) Specifically, Appellant contends that, when Pope Francis previously visited the City, the City accommodated visitors by failing to issue citations for parking violations. On the other hand, she asserts that no similar accommodations to handle parking issues were made when then-President Obama visited the City. (*Id.* at 2-3.)

Article I, section 26 of the Pennsylvania Constitution provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the employment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, §26. "It is well settled that the party asserting discrimination bears the burden of proving a prima facie case of discrimination." *City of Pittsburgh Commission on Human Relations v. DeFelice*, 782 A.2d 586, 591 (Pa. Cmwlth. 2001). "Once a prima facie case is established, a rebuttable presumption of discrimination arises. The burden then shifts to the defendant to show some legitimate, nondiscriminatory reason for its action." *Id.*

While Appellant asserts a constitutional violation based on discrimination, she presents no facts and proferred no evidence to support such an allegation.

---

[2] "In evaluating the decision of an agency, where a complete record is made before that agency, our standard of review is whether the agency committed an error of law and whether the material findings of fact are supported by substantial evidence." *Piatek v. Pulaski Township*, 828 A.2d 1164, 1170 (Pa. Cmwlth. 2003). "In addressing constitutional violations, our standard of review is *de novo*." *Id.*

3

Appellant's brief cites to the Pennsylvania Constitution, but offers no factual basis or authority to support a finding of racial discrimination in this case. This Court has previously explained that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002); *see also Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008) ("[I]t is well settled that an appellate court will not consider issues that are not properly raised and developed in a brief."); *In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015) ("A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue.").

In this case, the only evidence proffered by Appellant to support her argument was a photograph of her car in front of certain parking signs. However, as the trial court accurately explained, "[t]he photograph [Appellant] submitted with her description clearly shows a sign prohibiting parking except for registered package delivery companies during the period in which [she] was parked." (Trial court op. at 3.) Thus, the photograph indicates that Appellant was, indeed, parked in a prohibited area, and it does not support Appellant's allegation of racial discrimination.

Finally, as noted by the City in its brief, it is significant that Appellant offered no evidence to demonstrate that the BAA's decision to affirm the validity of the Ticket was, in any way, based upon race. In fact, she made no mention of the issue of race in her submission to the BAA, thereby failing to properly preserve the issue on appeal and precluding her from raising the issue at this time. Therefore, we are constrained to conclude that Appellant did not meet her burden of proving a prima facie case of discrimination.

## Conclusion

Based upon the foregoing, we must conclude that Appellant did not meet her burden of proving a prima facie case of discrimination. Therefore, we conclude that the trial court did not err in affirming the determination of the BAA.

Accordingly, we affirm the order of the trial court.

_____

PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twila Haynes,                                    :
                    Appellant                     :
                                                          :     No.  1297 C.D. 2017
              v.                                      :
                                                          :
The City of Philadelphia                  :

## *ORDER*

AND NOW, this 17th day of July, 2018, the June 8, 2017 order of the Court of Common Pleas of Philadelphia County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge