# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alex Conte, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1866 C.D. 2017 |
| | : | Submitted: April 13, 2018 |
| Pennsylvania Commission on Crime | : | |
| and Delinquency, | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: July 23, 2018**

Alex Conte (Conte), proceeding pro se, petitions for review of the November 9, 2017 Decision of the Victims Compensation Assistance Program (VCAP), which is administered by the Office of Victim Services (OVS).[1]  The Decision denied Conte's Request for Reconsideration (Request) of VCAP's determination that Conte did not establish a claim for compensation under the Crime Victims Act (Act),[2] for injuries Conte alleges he sustained as a result of a crime that occurred on November

---

[1] VCAP and OVS are both a part of the Pennsylvania Commission on Crime and Delinquency (Commission).  Conte named the Commission as Respondent in his petition for review before this Court.

[2] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101-11.1304, 11.5101-11.5102.  The primary purpose of the Act is for "victims of crime to fully and voluntarily cooperate with law enforcement" and to make sure crime victims are "treated with dignity, respect, courtesy and sensitivity."  Section 102(1) of the Act, 18 P.S. § 11.102(1).

6, 2016. The OVS concluded that Conte's Request was not timely filed, and, therefore, VCAP's determination was final. Conte has appealed the denial of his Request. Unfortunately, because the Request was untimely, and Conte provided no explanation to OVS for the untimeliness, nor has he presented any argument before this Court on the issue of untimeliness, we must affirm.

From the record, we discern the following facts. On June 27, 2017, Conte filed a claim with VCAP asserting that on November 6, 2016, he was the victim of a crime in the nature of a hit-and-run accident between Berks Street and 10th Street in Philadelphia, Pennsylvania. (Reproduced Record (R.R.) at 2e-4e.) As a result of the collision, Conte suffered severe injuries, including skull fractures, a leg injury, and loss of vision in his left eye. Conte sought reimbursement of $7,121.29 from VCAP for out-of-pocket medical expenses he incurred as a result of the accident. On June 28, 2017, Conte supplied additional documentation to VCAP, including a Police Crash Report, a Patient Care Report, and medical bills related to his injuries. (*Id.* at 8e-41e.) Conte did not attach any other information or assert any other facts related to his claim for VCAP to review.

The Police Crash Report described the November 6, 2016 incident as a collision between Conte (Unit 1) and a motor vehicle (Unit 2). (*Id.* at 9e-15e.) The Police Crash Report set forth that Unit 1 "[h]it [U]nit 02," and that Unit 1's "[e]ntering or crossing at specified location" was the "Prime Factor" of the crash. (*Id.* at 9e.) The Police Crash Report also indicated that Conte was "conscious and alert upon police arrival," and that Conte stated "he was on his skateboard[,] eating food" and "was not focused[,]" when "he crossed into the right of way . . . [and] struck the back passenger side of the vehicle." (*Id.* at 13e.) The vehicle did not stop, but Conte "c[ould] not specify" if the driver of the passing vehicle was aware of the

2

impact. (*Id*.) After the collision, Conte was transported to Hahnemann University Hospital (Hospital) emergency room for observation and treatment.[3] (*Id*.)

On August 4, 2017, the VCAP claim reviewer assigned to Conte's claim requested an internal review of the claim and sent a follow-up questionnaire to the police department. (*Id*. at 43e.) Also on August 4, 2017, VCAP sent Conte a letter, informing him that it had begun to process his claim.

In a letter dated September 20, 2017, VCAP informed Conte that his claim was denied because a preponderance of the evidence did not support a finding that a crime had occurred (VCAP Claim Denial). (*Id*. at 50e.)[4] The VCAP Claim Denial stated that for him to be eligible for compensation, the Act requires that a crime had to have been committed against him. Section 707(a) of the Act, 18 P.S. § 11.707(a). Finding insufficient evidence to establish, by a preponderance of the evidence, that a crime against Conte had occurred, VCAP determined that Conte was ineligible for compensation under the Act. The VCAP Claim Denial further stated:

> PLEASE NOTE: If you do not agree with the Program's decision, and you want the Program to change its decision, you must complete and return the enclosed Rejection of Decision and Request for Reconsideration form. List on that form each decision you think the Program made in error.

---

[3] The Patient Care Report indicated that upon Emergency Medical Service's arrival at the scene, Conte had abnormal leg bruising, a forehead laceration, and a nosebleed, and that his left eye was non-reactive. (R.R. at 16e-17e.) The Hospital billed Conte in the amount of $7,121.29 for services rendered, after insurance and adjustments had been deducted. (*Id*. at 18e.)

[4] Under the Act, the OVS, which administers VCAP, reviews "all supporting documents," investigates the validity of a VCAP claim, and then makes a determination on whether to grant an award. Sections 311(a) and 704(b), (c) of the Act, 18 P.S. §§ 11.311(a), 11.704(b), (c). A person is not eligible for an award unless he is a direct victim or intervenor. Section 707(a)(2) of the Act, 18 P.S. § 11.707(a)(2). A "[d]irect victim" is defined as a person "against whom a crime has been committed . . . and . . . shall not include the alleged offender." Section 103 of the Act, 18 P.S. § 11.103.

3

**IMPORTANT**: FAILURE TO FILE A REQUEST FOR RECONSIDERATION WITHIN 30 DAYS FROM THE DATE OF THE DECISION WILL CAUSE THE DECISION TO BECOME FINAL AND YOU WILL HAVE NO FURTHER RIGHT OF APPEAL.

(R.R. at 50e.) This gave Conte until October 20, 2017, to file a request for reconsideration before the VCAP Claim Denial became final. However, Conte did not file the Request until November 8, 2017, 20 days beyond the 30-day period.

In his Request, Conte argued that there was enough evidence to prove that a crime had occurred against him on November 6, 2016. Therefore, Conte contended, he had been improperly denied compensation. Specifically, Conte claimed that he had attempted to contact VCAP multiple times but received no response. Additionally, he alleged that there were multiple witnesses to the crime, that a video of the accident existed, and that he had confirmation from a captain of the Temple University Police Department supporting his claim that he was the victim of a hit-and-run crime. (*Id.*) Conte did not attach any additional documentation to the Request to support these claims, indicating instead that he would provide further evidence if required. (*Id.*) Importantly, Conte did not offer any explanation as to why he submitted his Request 20 days late.

On November 9, 2017, VCAP notified Conte that, because he did not file the Request within 30 days, the VCAP Claim Denial had become final, he had "no further right of appeal," and his Request would not be considered. (*Id.* at 53e.) The November 9, 2017 Decision indicated it was "a final decision" pursuant to Section 705 of the Act, 18 P.S § 11.705, and could be appealed to the Commonwealth Court within 30 days. (R.R. at 53e (citing Rule 1512(a) of the Pennsylvania Rules of

4

Appellate Procedure, Pa.R.A.P. 1512(a)).)[5] Conte timely filed with this Court his Petition for Review of the November 9, 2017 Decision.

On appeal, Conte argues that, on the merits, this Court must overturn the VCAP Claim Denial. The essence of Conte's argument is that he was improperly denied compensation under the Act because there is sufficient evidence to prove that a felony hit-and-run occurred.[6] (Conte's Brief (Br.) at 8.) Conte disputes the accuracy of the statements attributed to him in the Police Crash Report, contends that the vehicle hit him, and the driver was aware that it hit him[7] and asserts that a crime occurred on November 6, 2016. However, Conte does not, in either his brief or in his reply brief, explain or address why he filed his Request 20 days late.

In response, the Pennsylvania Commission on Crime and Delinquency (Commission) asserts that Conte's claim was appropriately denied and that Conte's Request was filed 20 days late with no reason. The Commission further contends that even if Conte's allegation about attempting to contact VCAP set forth in the

---

[5] Rule 1512(a)(1) provides: "A petition for review of a quasijudicial order, or an order appealable under 42 Pa.[]C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1).

[6] Conte points to Section 3742 of the Vehicle Code, 75 Pa. C.S. § 3742, which subjects the drivers of fleeing automobiles involved in an accident resulting in injury or death to felony penalties for failing to stop and render aid to injured persons. Section 3742(b) of the Vehicle Code provides a range of penalties, including mandatory minimum fines and jail time for hit-and-run offenders who fail to stop and render aid to accident victims. 75 Pa. C.S. § 3742(b).

[7] Conte attached to his Petition for Review and briefs filed with this Court, among other things, signed statements from four individuals who stated that Conte's recollection of the accident is true and a modified version of a traffic diagram contained within the Police Crash Report, which Conte contends supports the merits of his claim. However, we cannot consider these attachments because they were not part of the certified record. *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) (citing *Stabler Dev. Co. v. Bd. of Supervisors of Lower Mt. Bethel Twp.*, 695 A.2d 882, 887 n.5 (Pa. Cmwlth. 1997)).

Request is true, it still does not change the 30-day time requirement. (Commission's Br. at 8.) It therefore contends that it "did not commit an error of law, disregard competent evidence or violate [Conte's] constitutional rights when it denied [Conte's] Request. . . ." (*Id*. at 7.)[8] Moreover, the Commission notes that Conte has not addressed before this Court the untimeliness of the filing of his Request.

There is no question that Conte filed his Request untimely. Moreover, the VCAP Claim Denial advised Conte of his right to challenge the denial of his claim by filing a Request within 30 days and provided Conte with the necessary form for doing so. This was in accord with Section 411.31(a) of the Commission's regulations, 37 Pa. Code § 411.31(a), which provides:

> A claimant may contest OVS's determination by submitting a written request for reconsideration no later than 30 days from the date of the determination. If a request for reconsideration is not filed within the time required, the determination becomes a final decision of OVS.

The only exceptions to this 30-day rule are set forth in Section 411.31(b), which states: "OVS may consider a delay past the prescribed time period to be justified when one of the following circumstances exist: (1) The direct victim, intervenor or the claimant is mentally or physically incapacitated. (2) Other circumstances when good cause is shown by the claimant." 37 Pa. Code § 411.31(b).

Conte did not follow the instructions in the VCAP Claim Denial, instead filing his Request **20 days** after the 30-day period for requesting reconsideration had expired. Thus, in order to have his Request considered by OVS, Conte had to establish that one of the circumstances set forth in Section 411.31(b) existed to justify his delay in filing his Request. These circumstances include that he was

---

[8] We agree that this is the correct standard of review, notwithstanding that the document Conte filed was titled a "Request for Reconsideration."

6

incapacitated during the relevant time period or other circumstances when good cause is shown.

However, in his Request, Conte did not mention the untimeliness of his filing and provided **no** explanation or evidence of circumstances that might constitute good cause for the untimely filing of that request. At most, he indicated he had attempted to contact VCAP, but these contacts did not alter that he had 30 days to file the Request. Thus, he did not provide OVS with the opportunity to consider whether the delay in filing his Request was justified. OVS therefore did not consider the untimely filed Request, and the VCAP Claim Denial became final pursuant to Section 411.31(a).

We note that, in the briefs filed with this Court on appeal, Conte similarly does not address the untimeliness of his Request or otherwise explain the circumstances for his late filing. "A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue." *In re Tax Claim Bureau of Lehigh Cty. 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015) (citing Pennsylvania Rule of Appellate Procedure 2119(a), Pa.R.A.P. 2119(a)). Thus, Conte has waived any arguments to this Court regarding why the November 9, 2017 Decision's determination that the VCAP Claim Denial was final and unreviewable due to his late filing of the Request should be reversed by failing to address them in his briefs.

Because Conte did not file his Request within the time period prescribed by the Commission's regulations and did not establish that one of the exceptions to the regulatory time limit applied, the Commission did not err in denying his Request. We therefore cannot reach the arguments that Conte makes regarding the merits of the VCAP Claim Denial.

Accordingly, we must affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alex Conte,                              :
                    Petitioner            :
                                          :
          v.                              :    No. 1866 C.D. 2017
                                          :
Pennsylvania Commission on Crime          :
and Delinquency,                          :
                    Respondent            :

# **O R D E R**

    **NOW**, July 23, 2018, the Decision of the Victims Compensation Assistance Program is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge