IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nazim Uddin, on behalf of himself    :
and over 90 members of the General    :
Council of Masjid Al-Madinah    :
    :
        v.    : No. 920 C.D. 2024
    : Submitted: June 3, 2025
Board of Trustees for    :
Masjid Al-Madinah,    :
    :
           Appellant    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE MICHAEL H. WOJCIK, Judge (P.)
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: July 11, 2025

The Board of Trustees (Board) for the Masjid Al-Madinah (Masjid) appeals from the March 27, 2024 order of the Delaware County Court of Common Pleas (trial court) granting Nazim Uddin's, acting on behalf of himself and over 90 members of the General Council of the Masjid (collectively, Members), Motion To Enforce the Recommendation (Motion to Enforce) of Mediator Mohammed M. Uddin (Mediator Uddin), and adopting his recommendations. The Board contends that the trial court erred in granting Members' Motion to Enforce even though a mediation was never actually held by Mediator Uddin. Upon review, we affirm.

This case arises out of a dispute between Members and the Board regarding the operation of the Masjid, a nonprofit corporation governed by its bylaws. On January 3, 2020, Members filed a Complaint in Equity along with a Petition for Temporary Restraining Order and for Injunctive Relief to compel the

Board to address wrongs complained of by Members. The Board filed an answer in response denying the material allegations contained therein.

By order dated January 13, 2021, the trial court scheduled the matter for a hearing. The hearing was rescheduled several times at the request of counsel. The trial court held a series of pre-trial conferences with the parties. At an early conference, counsel for the parties informed the trial court that the parties were working toward resolving most of the issues and requested a conference with the trial court's civil conciliator. Despite the assistance of the civil conciliator, the parties were not able to come to a resolution. At the parties' request, the trial court transferred the case to Orphans Court in December 2021.

The parties returned to the trial court for another conference, wherein counsel for both parties again represented the parties' desire to amicably resolve the matter. By order dated February 2, 2022, the trial court dismissed Members' Petition for Temporary Restraining Order and Injunctive Relief without prejudice. The parties continued in their efforts to reconcile the matter but were unsuccessful.

On March 6, 2023, the Members filed a Motion to Amend the Complaint. The Board filed an answer and a Motion to Dismiss in response. The trial court held another conference with the parties on March 17, 2023. At this conference, the trial court suggested that the parties consider submitting the case to binding mediation, and the parties agreed. The parties again appeared before the trial court for a conference on May 23, 2023, at which time they reported that their clients had agreed to submit the matter to binding mediation before three mediators. Each party provided the other with the name and contact information of its mediator. The two mediators then agreed upon a third mediator. Reproduced Record (R.R.) 18a-19a.

2

Citing no progress with the triad mediation process, Counsel for the Members proposed moving forward with one mediator – Mediator Uddin, the mediator selected by the Board. On October 25, 2023, the parties agreed that Mediator Uddin would be the sole mediator of the dispute. R.R. at 21a-23a.

Upon his appointment as sole mediator, Mediator Uddin immediately composed his recommendations. On October 26, 2023, the day after his appointment, Mediator Uddin emailed his recommendations to the parties. The Board challenged the recommendations via email. In turn, the Members filed the Motion to Enforce on November 14, 2023. The Board filed an answer in opposition and raised new matter. The Board denied agreeing to binding mediation. The Board also denied that Mediator Uddin consulted with the Members prior to his appointment as sole arbitrator and asserted that, if he did, he breached his duty to represent the Board. R.R. at 183a. In the new matter, the Board alleged that Mediator Uddin never attempted to meet with the members of the Board *after* he was appointed sole mediator. *Id*. at 184a. In reply, the Members admitted that Mediator Uddin did not meet with the parties after he was appointed sole mediator because he had already met with the parties, determined the relevant issues, and formulated solutions to the dispute. *Id*. at 196a.

By order dated March 27, 2024, the trial court granted the Motion to Enforce and adopted Mediator Uddin's recommendations. In the process, the trial court also dismissed the Members' Motion to Amend the Complaint, the Board's Motion to Dismiss, the Members' Emergency Petition for Temporary Restraining Order and Order for Preliminary Injunction, and Members' Motion to Compel Answers to Interrogatories, thereby resolving the entire case.

3

The Board sought reconsideration, raising various issues that focused on whether the recommendations violated the Board's bylaws. R.R. at 269a-70a. The Board did not seek reconsideration on the basis that it did not agree to binding mediation or that Mediator Uddin did not meet with the parties after being named sole mediator. *See id.* By order dated April 25, 2024, the trial court denied reconsideration. On April 26, 2024, the Board timely appealed the March 27, 2024 order.[1]

On July 2, 2024, the trial court filed an opinion in support of its order pursuant to Pa.R.A.P. 1925(a).[2] The trial court stated that the parties represented a desire to resolve this case amicably through many months of conferences. Trial Court Op., 7/2/24, at 3. When the parties appeared before the trial court at the May 23, 2023 conference, the parties reported their desire to proceed by submitting the matter to binding arbitration. *Id.* at 2. The trial court opined that parties "understood that the recommendations of the mediator would be binding." *Id.* at 3. "Based upon the representations made to [the trial] court, [the trial court] conclude[d] that the parties understood 'binding mediation' to mean alternate dispute resolution with binding results." *Id.* at 4. The trial court opined that the enforceability of settlement agreements, in this case, an agreement to binding mediation, is governed by principles of contract law. Courts will enforce a settlement agreement if all material terms are agreed upon, absent a showing of fraud, duress, or mutual mistake. *Id.* at 4 (citing *Feliz v. Giuseppe Kitchens and Baths, Inc.*, 848 A.3d 943, 947 (Pa. Super

---

[1] This appeal was transferred from Superior Court. To the extent that our review of a trial court's order enforcing a mediator's recommendation, which is akin to an order enforcing a settlement agreement, presents questions of law, our standard of review is *de novo*, and our scope of review is plenary. *See In re Jackson*, 236 A.3d 1103 (Pa. Super. 2020).

[2] The trial court did not direct the Board to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

4

2004)). The trial court found that, although the Board appears to have changed its mind about settling the case by acquiescing to Mediator Uddin's recommendations, the parties' agreement was binding. *Id.* The Board made no assertion of fraud, duress, or mutual mistake. *Id.* Thus, the trial court concluded that "the agreement between the parties to adhere to the recommendations of Mediator Uddin must be specifically enforced." *Id.*[3]

The sole issue on appeal is whether the trial court erred in granting Members' Motion to Enforce even though a mediation was never actually held by Mediator Uddin. The Board contends that the trial court committed reversible error by enforcing and adopting Mediator Uddin's recommendations even though he never actually conducted a mediation with the parties. According to the Board, this fact slipped through the cracks of the judicial process, and the trial court improperly assumed that a mediation was actually held, even though the Board stated in its answer in opposition to the Motion to Enforce that a mediation was never actually held. The trial court's Pa.R.A.P. 1925(a) opinion is silent on this issue. On this basis, the Board requests this Court to reverse and remand.

The Members respond that the Board's claim that Mediator Uddin "never actually held" a mediation, and, therefore, the trial court erred in granting Members' Motion to Enforce is baseless and must be disregarded for two reasons. First, the Board failed to preserve the issue before the trial court. Nowhere in either the Board's answer in opposition to the Motion to Enforce or its Motion for Reconsideration, did the Board argue that "the mediation was never actually held by the mediator" as the basis for its opposition. *See* R.R. at 181a-90a, 269a-70a. On this basis, the Members ask this Court to quash the appeal. Second, assuming

---

[3] The trial court's opinion does not address the claim on appeal that a mediation was never actually held because it was not raised in the reconsideration petition. *See* R.R. at 269a-70a.

5

*arguendo*, that the Board preserved the issue, the Board's argument fails because it is not supported by the record. The Board does not explain, nor is it clear from the record, what it means by "the mediation was never held." The Members maintain that Mediator Uddin conferred with both parties before making his recommendations and the parties agreed to be bound thereby.

As a threshold matter, we must first address whether the Board waived the issue on appeal by not first raising it before the trial court, as alleged. In the Board's answer in opposition to the Motion to Enforce, the Board "expressly denied that [M]ediator Uddin[] began consulting with representatives of both parties about the dispute, including issues involving the government and operation of the Masjid." R.R. at 183a. The Board asserted that Mediator Uddin should not have consulted with the Members prior to his selection as sole mediator as to do so would be a breach of his duty to represent the Board. *Id*. The Board denied meeting with Mediator Uddin after he was appointed as sole mediator before he issued his recommendations. *Id*. at 184a. The Board alleged that Mediator Uddin did not discuss with either counsel what his duties were, nor did he confer with the Board's legal team as to what issues were in dispute. *Id*. at 187a. The Board averred that, "*at no time after being appointed as the sole [m]ediator*, did [Mediator] Uddin ever attempt to mediate or meet with the members of the Masjid's ruling [Board] and to discuss with them any proposed amendments." *Id*. (emphasis added). The Board alleged that the "recommendations were made without any input from the [Board] . . . ." *Id*. at 188a. Contrary to the Members' assertions, the Board preserved the issue in its answer to the Motion to Enforce. Although the Board did not raise the issue in its Motion for Reconsideration, it was not necessary to preserve the issue for appellate review. *See Joos v. Bd. of Supervisors of Charlestown Township*, 237 A.3d

6

624, 633 n.7 (Pa. Cmwlth. 2020); *see also Bedford Downs Management Corp. v. State Harness Racing Commission*, 926 A.2d 908, 924 (Pa. 2007) (raising an issue for the first time in a motion for reconsideration does not preserve it for appeal). As the issue was raised before the trial court, we decline to find waiver on this basis.

On appeal, the Board complains that "the mediator never actually conducted a mediation with the parties," and that a "mediation was never actually held," but it does not elaborate or provide legal or factual support for its position. Appellant's Brief at 4-5. Upon review of the Board's brief and the record, we can only surmise that the Board's objection is that a formal mediation session, wherein both parties and counsel appeared before Mediator Uddin after he was designated as sole mediator, was not held. It is well-settled that a party's failure to adequately develop an argument in an appellate brief may result in waiver of the claim. Pa.R.A.P. 2119. *In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015). It is not the Court's role to act as counsel and develop arguments on behalf of an appellant. *Commonwealth v. Le*, 208 A.3d 960, 976 n.17 (Pa. 2019); *County of Allegheny v. Marzano*, 329 A.3d 715, 727 (Pa. Cmwlth. 2024).

Notwithstanding, there is no requirement that a mediator must hold a joint mediation session with both parties present. It is common practice for mediators to separately communicate with the parties, or their counsel, about the dispute. As this Court has recently explained:

> The mediation process is purposefully informal to encourage a broad ranging discussion of facts, feelings, issues, underlying interests and possible solutions to the parties' conflict. Mediation's private setting invites parties to speak openly, with complete candor. In addition, mediators often hold private meetings—"caucuses"—with each of the parties.

7

*Office of Attorney General v. The Baroness Consulting & Mediation, LLC*, __ A.3d __, __ (Pa. Cmwlth., No. 904 C.D. 2023, filed May 19, 2025), slip op. at 10 (citation and quotation omitted).

Here, after years of attempting to reconcile the matter themselves and with the aid of the trial court's civil conciliator, in May 2023, the parties agreed to proceed to binding mediation. The Board chose Mediator Uddin as its mediator and the Members chose Iftekhar Hussain as theirs. R.R. at 18a-19a. Although a third mediator was chosen, the parties did not make any progress with the triad mediation process. *Id*. at 21a. To facilitate matters, by emails exchanged between October 13, 2023, and October 26, 2023, counsel for the parties agreed to proceed with one mediator – Mediator Uddin, the Board's chosen mediator – and to accept his decision. R.R. at 21a-23a. During this exchange, counsel for the Board acknowledged that the Members had been in discussions with Mediator Uddin, but he did not know what was discussed. *Id*. at 22a. Within a day of being designated as sole mediator, Mediator Uddin made his recommendations. Mediator Uddin emailed his recommendations to the parties, stating: "I have reviewed and consulted both parties regarding the dispute and my suggestions are as follows." *Id*. at 25a.

Counsel for the Board initially objected to the recommendations because they did not mention the lawsuit or provide rationalization for the suggestions. R.R. at 30a. Counsel then asserted that Mediator Uddin "can[]not have mediated the matter without any input from either side." *Id*. at 34a. Counsel for the Members confirmed that Mediator Uddin secured their input before Mediator Uddin made his recommendations, and they presumed Mediator Uddin secured input from the Board because he was the Board's chosen mediator during the triad process. *Id*. at 39a. The Board does not dispute that it conferred with Mediator Uddin between

8

his selection as the Board's mediator in May 2023 and his designation as sole mediator in October 2023, only that the Board was not consulted *after* the parties agreed to make Mediator Uddin the sole mediator. The Board also recognized that Mediator Uddin privately conferred with the Members prior to making his recommendations. *Id*. at 22a. Because the parties both conferred with Mediator Uddin and agreed to adhere to his recommendations, the trial court did not err in granting the Motion to Enforce.

Accordingly, we affirm the trial court's order.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nazim Uddin, on behalf of himself   :
and over 90 members of the General   :
Council of Masjid Al-Madinah   :
  :
          v.   : No. 920 C.D. 2024
  :
Board of Trustees for   :
Masjid Al-Madinah,   :
  :
         Appellant   :

O R D E R

AND NOW, this 11th day of July, 2025, the order of the Delaware County Court of Common Pleas, dated March 27, 2024, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge